UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JAN 3 0 2013

PER _____
DEPUTY CLERK

GEORGE KEITH MARTIN,

    Plaintiff

v.      : CIVIL NO. 3:CV-12-0058

C.O. HAMILTON, et al.,      : (Judge Kosik)

    Defendants

## MEMORANDUM

George Keith Martin ("Martin") filed this civil rights action on January 10, 2012, pursuant to 28 U.S.C. § 1983. He is an inmate confined at the Low Security Correctional Institution at Allenwood (LSCI-Allenwood), Pennsylvania. Named as Defendants are Bureau of Prisons officials Harrell Watts, National Inmate Appeals Coordinator, and J.L. Norwood, BOP Northeast Regional Director. Also named as Defendants are the following LSCI-Allenwood officials and employees: F. Strada, Warden; D. Sauers, Associate Warden, M. Thompson, Counselor; J. Cramer, Case Manager; T. Lozano, Lieutenant; and Correctional Officers S. Romano and R. Hamilton. Martin alleges that he was unreasonably stopped and pat searched by Defendant Hamilton, and then strip searched without justification as an act of retaliation for a remark he made. Presently pending before the court are Plaintiff's

motion for injunctive relief (Doc. 14) and Defendants' motion to dismiss the complaint (Doc. 24.)[1] For the reasons that follow, the motion to dismiss will be granted and the motion for injunctive relief denied as moot.

I. **Background**

Martin claims that on September 1, 2011, after exiting the food service area at LSCI-Allenwood following breakfast, he was stopped by Defendant Hamilton. Hamilton told Martin he was going to search him and instructed him to turn around. Hamilton thereafter grabbed Martin's arms, pushed them up and proceeded to conduct a pat search. (Doc. 1, Compl. at 5.) Hamilton then told Martin he could leave. At this point, Martin told Hamilton that "you should have told me to lift my arms, instead of grabbing my arms." (Id.)

Martin alleges that Hamilton became "visibly upset" following this remark and informed Martin that he would now be strip searched. He then escorted Martin to the bathroom in the kitchen, which Martin claims had a filthy floor where he had to stand barefoot as a diabetic. He states that Defendants Thompson, Cramer, Lazano and Ramono were witnesses to the strip search that took place.

Martin claims that no justification existed for the searches, and that the strip

---

[1] Defendants' motion was originally filed as one to dismiss and for summary judgment. However, Defendants later withdrew their motion for summary judgment and choose to proceed only on the motion to dismiss the complaint in its entirety. (Doc. 26, n. 2.)

2

search was conducted by Hamilton in retaliation for the remark Martin made following the pat search. He further contends that the strip search was performed in front of four (4) non-essential correctional officers and the whole inmate kitchen population because Hamilton left the bathroom door open while the search was conducted. Martin claims that the Defendants that stood by and witnessed the strip search violated his rights by failing to intervene. He names Defendants Sauers, Strada, Norwood and Watts in this lawsuit because they ignored/denied grievances he filed with respect to this incident. As relief, he seeks monetary damages.

## II. Legal Standard

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of failure to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests."

3

Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. at 1950, 173 L. Ed. 2d 868 (citing Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S. Ct. at 1949, 173 L. Ed. 2d 868. When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

Defendants seek the dismissal of the complaint on the basis of Martin's failure to exhaust administrative remedies. It is well settled that an inmate must fully exhaust his administrative remedies with respect to his claims prior to filing suit in federal court. The claim cannot be filed in a court action until exhaustion is completed. Section 1997(a) of the Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This section applies to Bivens actions such as the instant case.[2]

To exhaust a claim, a BOP inmate must utilize the three-level exhaustion procedure established by the BOP as set forth at 28 C.F.R. §§ 542.10 - 542.15. He must first present his claims informally to staff prior to filing a request for Administrative Remedy. See § 542.13(a). Next, if an inmate is unable to informally resolve his complaint, he may file a formal written complaint to the warden within twenty (20) days of when the incident complained of occurred. See § 542.15(a). If dissatisfied with the warden's response, he may file an appeal to the BOP Regional

---

[2] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

5

Director within twenty (20) days. § 542.15(a). Thereafter, if an inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the BOP Central Office within thirty (30) calendar days from the date of the Regional Director's response. Id. No administrative remedy appeal is considered to have been fully exhausted until rejected by the BOP's Central Office, the final level of review. 28 C.F.R. § 542.15.

Martin attaches to his complaint copies of Administrative Remedy No. 656745 regarding the claims raised in his complaint. (Doc. 1, Att. 102.) These documents provide the following information. On September 19, 2011, Martin filed Administrative Remedy No. 656745-F2, regarding the instant claims. (Id. at 2.) His request was denied and he was advised that his allegations were referred to the appropriate authorities for investigation pursuant to Program Statement 3420.0-Standards of Employee Conduct. Id. at 5.

Martin appealed the Warden's response to the BOP Northeast Regional Office, at Remedy No. 656745-R1. Id. at 3-4. The Regional Director denied his appeal on November 10, 2011. Id. at 5. Thereafter, Martin attempted to file an appeal with the BOP Central Office, Remedy No. 656745-A1. Id at 8. On December 13, 2011, this appeal was rejected. The rejection noted that "all pages of BP-11 form must be legible and worded the same." Id. However, Martin was advised that he could resubmit his appeal in proper form within 15 days of the date of the rejection notice.

Id.

In his complaint, Martin contests the basis for the rejection of his BP-11. He argues that it was merely for the purpose of frustrating exhaustion and that the BP-11 as submitted was fine. (Doc. 1-1 at 2.) However, regardless of what Martin may think with respect to the adequacy of his BP-11, this does not change the fact that his BP-11 was rejected and he was provided with the opportunity to resubmit his appeal and chose not to do so. In order to comply with the exhaustion requirements of the PLRA, inmates must complete "all steps that the agency holds out, and do [] so properly (so the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Clearly the administrative remedy program was available to Martin, but he failed to complete the steps provided to him by the BOP. As such, it is clear that he has not exhausted his administrative remedies and his complaint is subject to dismissal. An appropriate order follows.